IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL DeFRAIA<br>581 Park Drive<br>Boston, MA  02215<br><br>      Plaintiff,<br><br>   v.<br><br>DEFENSE HEALTH AGENCY<br>7700 Arlington Boulevard Suite 5101<br>Falls Church, Virginia 22042<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 18-1538<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1.  Plaintiff Daniel DeFraia ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Defense Health Agency (hereinafter "DHA") in failing to provide Plaintiff with all non-exempt records pursuant to his December 18, 2017, FOIA requests sent to this federal agency, seeking records that contain the data and methodology used in a study conducted by the Defense Center of Excellence (DCoE) for the DHA regarding Comprehensive Soldier Fitness (CSF), Comprehensive Soldier and

Family Fitness (CSF2), and Comprehensive Airman Fitness (CAF).

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Daniel DeFraia, is an individual that, at all times relevant herein, has resided in Boston, Massachusetts.

5. Defendant Defense Health Agency is a sub-division of the United States Department of Defense, and is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about December 18, 2017, Plaintiff sent a FOIA request to the Defense Health Agency (DHA), seeking records that contain the data and methodology used in a study conducted by the Defense Center of Excellence (DCoE) for the DHA regarding Comprehensive Soldier Fitness (CSF), Comprehensive Soldier and Family Fitness (CSF2) and Comprehensive Airman Fitness (CAF).

14.  On or about December 20, 2017, DHA sent Plaintiff a letter confirming receipt of Plaintiff's December 18, 2017, FOIA request, and assigning it control number 2018-068.

15.  On or about December 28. 2017, Plaintiff sent an email to DHA requesting an estimated date of completion for his December 18, 2017, FOIA request.

16.  On or about January 3, 2018, DHA sent an email to Plaintiff stating that the estimated completion date was three-four weeks.

17.  On or about January 31, 2018, Plaintiff sent an email to DHA as a follow up to an earlier telephone message that Plaintiff left with DHA in regards to the status of his December 18, 2017, FOIA request.

18.  On or about February 1, 2018, DHA sent an email to Plaintiff stating that Plaintiff's December 18, 2017, FOIA request was in DHA's processing que.

19.  On or about February 1, 2018, Plaintiff sent an email requesting an updated completion date for his December 18, 2017, FOIA request.

20. On or about February 5, 2018, DHA sent an email to Plaintiff stating that the estimated completion date for Plaintiff's December 18, 2017, FOIA request was four weeks from that date.

21. On or about March 7, 2018, Plaintiff sent an email to DHA requesting a written confirmation from an earlier telephone call stating that the new estimated completion date was now early April of 2018.

22. On or about March 10, 2018, Plaintiff sent an email to DHA with a PDF attachment containing a letter clarifying Plaintiff's December 18, 2017, FOIA request.

23. On or about March 27, 2018, DHA sent an email to Plaintiff acknowledging receipt of Plaintiff's March 10, 2018, clarification letter.

24. On or about April 5, 2018, DHA sent an email to Plaintiff stating that Plaintiff's request was still being processed.

25. On or about April 5, 2018, Plaintiff sent an email to DHA requesting an estimated date of completion for his December 18, 2017, FOIA request.

26. On or about April 5, 2018, DHA sent Plaintiff an email with an estimated completion date of May 25, 2018, for Plaintiff's FOIA request.

27. As of the date of the filing of this action Plaintiff has not received any of the records he requested from his December 18, 2017, FOIA request, nor a decision from DHA for this record request.

## VII. CLAIMS FOR RELIEF

28. Plaintiff realleges, as if fully set forth herein, paragraphs 1-27 previously set forth herein.

29. Defendant DHA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his December 18, 2018, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to his FOIA request.

30. By failing to provide Plaintiff with all non-exempt responsive record to his December 18, 2018, FOIA request, and by failing to perform an adequate search for responsive records, Defendant DHA has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

31. Defendant DHA has also violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's December 18, 2017, FOIA request.

32. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's December 18, 2017, FOIA request, Defendant DHA has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

33. Unless enjoined by this Court, Defendant DHA will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in

his December 18, 2017 FOIA request.

34. Plaintiff is directly and adversely affected and aggrieved by Defendant DHA's failure to provide responsive records to his FOIA request described above.

35. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

36. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant Defense Health Agency has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his December 18, 2017, FOIA request.

2. Declare Defendant Defense Health Agency has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's December 18, 2017, FOIA request.

3. Direct by injunction that Defendant Defense Health Agency perform an adequate search for records responsive to his December 18, 2017, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's December 18, 2017, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 27th day of June, 2018.

Respectfully submitted,

 /s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**